UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JUANITA G. VALADEZ, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| MICHAEL J. ASTRUE, | § | SA-06-CV-1095 FB (NN) |
| Commissioner of the Social | § | |
| Security Administration, | § | |
| | § | |
| Defendant. | § | |

### MEMORANDUM AND RECOMMENDATION
### REGARDING DEFENDANT'S MOTIONS TO DISMISS

TO:   Hon. Fred Biery
       United States District Judge

The matter before the Court is respondent's motion to dismiss petitioner's petition for writ of mandamus (docket entry 12), to which petitioner has not responded.

I have jurisdiction to enter this Memorandum and Recommendation under 28 U.S.C. § 636(b) and this district's general order, dated July 17, 1981, referring all cases where a plaintiff seeks review of the Commissioner's denial of the plaintiff's application for benefits for disposition by recommendation.[1]

Through this case petitioner continues her attempt to obtain Social Security disability insurance and supplemental security income benefits. In late 2004 she filed a request for judicial review of the denial of benefits (SA-04-CA-1176). After review of the arguments of counsel, the

---

[1] *See* Local Rules for the Western District of Texas, appx. C, p. 10.

Court vacated the Commissioner's decision on October 11, 2005, and remanded the case to the ALJ to conduct further review consistent with the Court's order.  A year later, in November 2006, petitioner filed a motion to show cause in that case, complaining that respondent had failed to schedule a hearing consistent with the Court's order.  That motion was denied after the Court concluded that it lacked jurisdiction to grant mandamus type relief in the context of a closed case.

Petitioner then presented this action as a "Petition for Writ of Mandamus" on December 14, 2006, asking that the Court direct respondent to show cause why the Court's October 2005 remand Order in SA-04-CA-1176 had been ignored by respondent.  At the time this case was filed, respondent had not yet scheduled a new hearing before the ALJ as directed in the remand Order.  As a result, petitioner asked that the Court issue a writ of mandamus, and direct respondent to schedule and hold the required hearing and render a decision immediately.  Petitioner also asked for sanctions to compensate plaintiff for the delay, and to serve as a deterrent and as punishment.

After reviewing respondent's answer, I set this matter for an evidentiary hearing on February 22, 2007.  On February 20 respondent filed its motion to dismiss explaining that an administrative hearing was held on February 13, 2007 and a written decision of the ALJ favorable to petitioner was issued on February 16, 2007.  Respondent argues that this case is now moot in that all relief requested by petitioner has been granted through the administrative process.

On February 21, 2007 I vacated the scheduled evidentiary hearing and directed that petitioner file her response to the motion to dismiss, reminding petitioner that failure to file a response might result in a recommendation that the writ application be dismissed.

Petitioner has not responded to the motion to dismiss or contested respondent's argument that the remand proceeding has been completed, that the relief requested through this action has been granted, or that petitioner's request for a writ of mandamus is now moot and subject to dismissal. I advised petitioner that her response was necessary and that if a response were not filed I would recommend dismissal.

From the documentation attached to the motion to dismiss it does indeed appear that with the conclusion of the administrative proceedings on remand, this case has been rendered moot. Accordingly, I recommend that the court find that there is no longer a live case or controversy which requires adjudication by the court, that the matter has become moot, and that the motion to dismiss be granted. In light of petitioner's failure to respond to the motion to dismiss or to otherwise provide authorities which would support her request for imposition of sanctions, I recommend that her request for same also be dismissed.

### Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this Memorandum and Recommendation on all parties who have entered an appearance, by either (1) electronic transmittal to all parties represented by attorneys registered as a "Filing User" with the Clerk of Court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this Memorandum and Recommendation must be filed within 10 days after being served with a copy of same, unless this time period is modified by the District Court.[2] **Such party shall file the objections with the Clerk of the Court, and serve the objections on all other parties and the Magistrate Judge.** A party filing objections must specifically

---

[2] 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the District Court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the District Court.[3] Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this Memorandum and Recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.[4]

**SIGNED** on March 8, 2007.

*[signature: Nancy Stein Nowak]*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[3] *Thomas v. Arn*, 474 U.S. 140, 149-152 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000).

[4] *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).